UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSE SAUL ROSILLO,

       Plaintiff,

v.

GEBS INDUSTRIES INC D/B/A
JJ QUALITY BUILDERS OF
THE PALM BEACHES,
JAMIE F. GALIMIDI, SANDRA DUQUE,

       Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, JOSE SAUL ROSILLO, brings this action against Defendants, GEBS INDUSTRIES INC D/B/A JJ QUALITY BUILDERS OF THE PALM BEACHES, JAMIE F. GALIMIDI and SANDRA DUQUE, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff JOSE SAUL ROSILLO was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, GEBS INDUSTRIES INC D/B/A JJ QUALITY BUILDERS OF THE PALM BEACHES, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of roofing services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with two or more of its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

2

4. Defendant, JAMIE F. GALIMIDI, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, GEBS INDUSTRIES INC D/B/A JJ QUALITY BUILDERS OF THE PALM BEACHES; said Defendant acted and acts directly in the interests of Defendant, GEBS INDUSTRIES INC D/B/A JJ QUALITY BUILDERS OF THE PALM BEACHES, in relation to said co-Defendant's employees. Defendant effectively dominates GEBS INDUSTRIES INC D/B/A JJ QUALITY BUILDERS OF THE PALM BEACHES administratively or otherwise acts, or has the power to act, on behalf of the corporation in relation to its employees and had the authority to direct and control the work of others. Thus, JAMIE F. GALIMIDI was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5. Defendant, SANDRA DUQUE, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, GEBS INDUSTRIES INC D/B/A JJ QUALITY BUILDERS OF THE PALM BEACHES; said Defendant acted and acts directly in the interests of Defendant, GEBS INDUSTRIES INC D/B/A JJ QUALITY BUILDERS OF THE PALM BEACHES, in relation to said co-Defendant's employees. Defendant effectively dominates GEBS INDUSTRIES INC D/B/A JJ QUALITY BUILDERS OF THE PALM BEACHES administratively or otherwise acts, or has the power to act, on behalf of the corporation in relation to its employees and had the authority to direct and control the work of others. Thus, SANDRA DUQUE was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Defendants used tools and materials, including roofing tools and materials, manufactured outside Florida.

7. Two or more employees of Defendants handled materials, including roof materials, that were manufactured outside Florida.

8. Defendant, JAMIE F. GALIMIDI, controlled Plaintiff's pay.

9. Defendant, JAMIE F. GALIMIDI, controlled Plaintiff's duties.

10. Defendant, JAMIE F. GALIMIDI, had hiring and firing authority over Plaintiff.

11. Defendant, SANDRA DUQUE, controlled Plaintiff's pay.

12. Defendant, SANDRA DUQUE, controlled Plaintiff's duties.

13. Defendant, SANDRA DUQUE, had hiring and firing authority over Plaintiff.

14. Plaintiff worked for Defendants as a roofer.

15. Plaintiff's rate of pay was hourly.

16. Plaintiff's regular hourly rate was $15.

17. Defendants failed to pay Plaintiff his full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate.

18. Defendants failed to pay Plaintiff his full and proper minimum wages for all hours worked.

19. Defendants failed to pay Plaintiff for all the hours that he worked.

20. Defendants paystubs do not reflect all the hours that Plaintiff worked.

21. The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statements of claim as an <u>Exhibit A</u> to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

22. Plaintiff remains employed by Defendants and, to the extent Defendants continue to improperly pay Plaintiff, Plaintiff's unpaid wages continue to accrue.

23. Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages.

24. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

25. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

26. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-25 above as if set forth herein in full.

27. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

28. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791